Order, Supreme Court, New York County (Edward H. Lehner, J.), entered May 15, 2007, which denied plaintiffs motions for summary judgment and to amend its complaint, and granted defendant’s cross motion for summary judgment dismissing the complaint, unanimously modified, on the law, to the extent of granting plaintiffs motion for summary relief and denying defendant’s cross motion, and otherwise affirmed, with costs. The Clerk is directed to enter judgment in favor of plaintiff against defendant in the sum of $56,675.77 plus costs and disbursements, with interest from February 1, 2003.
The subject of this litigation is a tax escalation clause set forth at article VI of the parties’ commercial lease dated August 31, 1979. Paragraph (a) (i) of that article defines “base assessed *310 valuation” as “the total fully assessed valuation {made without regard or giving effect to any exemption or abatement)” (emphasis added) of the parcel of land containing the demised premises for the New York City real estate tax year commencing July 1, 1979 and ending June 30, 1980, the initial tax year. Subparagraph (ii) defines “base tax rate” as the applicable real estate tax rate for the same initial tax year. Under subparagraph (iii), the “base amount of real estate taxes” is computed by applying the “base tax rate” to the “base assessed valuation.”
Paragraph (b) requires the tenant to pay the landlord as additional rent during each lease year subsequent to the initial tax year 14V2% of the dollar amount of any increase in “such real estate taxes” over and above the “ ‘base amount of real estate taxes,’ whether such increase in real estate taxes shall be occasioned by an increase in assessed valuation or an increase in tax rate, or both.”
The crux of this litigation is whether the language italicized above is intended to refer to each year’s increase in real estate taxes or only to the “base assessed valuation.” Accordingly, plaintiff has brought this action to recover overcharges resulting from defendant’s refusal to give effect to applicable abatements, exemptions or refunds in the calculation of tax escalations under the lease. In view of the six-year statute of limitations set forth under CPLR 213 (2), plaintiff has agreed to limit its claim to overcharges occurring after February 2000.* Defendant takes the position that the phrase expressly excludes abatements, exemptions and refunds from each year’s calculation of taxes. In denying plaintiffs motion for summary judgment and granting defendant’s cross motion, the IAS court found the tax escalation clause to be ambiguous and plaintiffs claims, in any event, precluded under the voluntary payment doctrine.
The court’s finding of ambiguity is refuted by the language of the lease. The phrase “made without regard or giving effect to any exemption or abatement” is used solely to refine the “base assessed valuation,” one of two components of the “base amount of real estate taxes.” Paragraph (e) of article VI sets forth the following as the lease’s only description of real estate taxes: “Any reference in this Article to ‘real estate taxes levied by the City of New York’ shall be deemed to refer to the aggregate of all taxes levied or assessed against the land and building, of which the demised premises are a part.” It is significant that *311 this language contains no exclusion of abatements, exemptions or refunds from its description of real estate taxes. It has long been the rule that a contract must be read as a whole in order to determine its purpose and intent (Bijan Designor For Men v Fireman’s Fund Ins. Co., 264 AD2d 48, 51 [2000], lv denied 96 NY2d 707 [2001]). In this regard, defendant’s argument that exemptions and abatements “are expressly excluded from the calculation of the taxes” in article VI (a) (i) erroneously conflates “base assessed valuation” and the taxes assessed each year. The conclusion reached below is also at odds with well settled law that tax escalation clauses are “designed to afford relief to a landlord where an increased assessment required actual payment” (S.B.S. Assoc. v Weissman-Heller, Inc., 190 AD2d 529, 529 [1993]).
The IAS court’s application of the voluntary payment doctrine is also erroneous. The doctrine bars the recovery of payments voluntarily made with full knowledge of the facts and in the absence of fraud or mistake of material fact or law (Dillon v U-A Columbia Cablevision of Westchester, 100 NY2d 525 [2003]). It is undisputed that the real estate tax statements issued by defendant to plaintiff made no mention of the abatements and/or refunds in question. Hence, the voluntary payment doctrine does not apply because full knowledge on the part of plaintiff has not been established. Defendant attempts to salvage its voluntary payment argument by asserting that plaintiff’s representative on the co-op board of directors has been privy to the co-op’s financial statements over the years. The argument is unavailing on this appeal, as the record does not include the relevant portions of said financial statements or any proof of their accessibility by plaintiffs representative.
Plaintiff’s motion for leave to amend the complaint was properly denied. The binding effect of this Court’s order obviates the need for declaratory relief with respect to future tax escalations. Concur—Lippman, PJ., Gonzalez, Sweeny, Catterson and DeGrasse, JJ. [See 15 Misc 3d 1133(A), 2007 NY Slip Op 50962(U).]

 Defendant, a cooperative corporation, received abatements under the school tax relief (STAR) exemption (RPTL 425) and the co-op/condo abatement (RPTL 467-a).